# Shartzer et al. *versus* The School District of the Borough of Washington.

1. In an action of debt on the bond of the treasurer of a school district: *Held*, that the plea of payment admitted the execution of the bond.
2. The first section of the Act of May 21st 1857, authorizes borough auditors to settle the accounts of a school treasurer, with the right of appeal therefrom to either party. *Held*, that unless appealed from, such settlement is conclusive.
3. Where such treasurer appeared before auditors *de facto*, and submitted his accounts to them for adjudication and took no appeal therefrom, he cannot be permitted to show that they were not duly elected.
4. While the Act of Assembly requires that before entering upon the duties of their offices, said auditors shall take and subscribe an oath, it does not declare that the omission to do so *ipso facto* vacates their offices; it requires judicial action, instituted for that purpose, to produce such result.
5. If the treasurer have a set-off, the borough auditors are the proper tribunal to pass upon it, and if dissatisfied with their decision, the right of appeal is open to him; if he has not availed himself of this right, he cannot, in this action of debt, go behind the finding of the auditors.

May 7th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas of *Lancaster county:* Of May Term 1879, No. 153.

[Shartzer *v.* School District.]

Debt by the Washington Borough School District against Cyrus, John and Benjamin Shartzer, on the official bond of Cyrus Shartzer, as the treasurer of said school district.   Defendants pleaded payment, payment with leave, &c.

Cyrus Shartzer, one of the defendants below, was elected treasurer of said school district at the spring election of 1873, for the term of one year, and in the month of September, of the same year, he assumed the duties of his office and gave his bond with John Shartzer and Benjamin Shartzer, who are also defendants in this suit, as his security, to one Eli Roberts, then president of said school board, in the sum of $2300 for the faithful performance of the duties of his office, in accordance with the terms prescribed by the Act of 8th day of May 1854, and its supplements.   Prior to his election as treasurer in 1873, he had been annually elected and re-elected, and served as treasurer of said school district from 1868 to 1873 respectively.   During that time the borough auditors were either not elected and sworn, or neglected to settle annually the accounts of said treasurer, as required by law.

On April 6th 1876, one John Parker and Martin Bitner, assuming themselves to be the legally elected auditors of said borough of Washington, for the years 1875 and 1876, but never having been sworn, nor having filed their respective oaths with the town clerk as such, as required by law, made up an account or statement, in which they struck a balance in favor of the school district and against the said treasurer of $631.90.   This statement comprised a period of four years and four several terms of office, from July 5th 1871 to June 1874, and at the bottom of this statement appeared the following words under their hands and seals: · "We, the undersigned, auditors of Washington borough, Lancaster county, Pennsylvania, have examined the accounts of Cyrus Shartzer, ex-treasurer of Washington school district, and the above is a correct statement to the best of our knowledge."

This suit was then brought by the said school district against said treasurer and his security for the said sum of $631.90, with interest, · on the official bond of the treasurer for the year 1873.

At the trial, before Patterson, J., the plaintiff offered in evidence the bond of said Cyrus Shartzer, which the court admitted under objection.   (First assignment of error.)

The plaintiff's counsel offered in evidence the report of the auditors of Washington borough, dated April 6th 1876, showing the account as made up and what balance is due and owing by the treasurer.

Defendants objected to this report until it was proven by the auditors, or those who pretended to have been auditors, denying that those gentlemen were the auditors.   Offer admitted.   (Second assignment of error.)

The court refused to allow the defendants on cross-examination to

[Shartzer *v.* School District.]

ask John Parker "When were you elected an auditor?" (Third assignment.) Also, "Were you a sworn auditor at the time this account was audited?" (Fourth assignment.) The defendants also offered to prove that the parties whose names are appended as auditors, to the alleged report dated April 6th 1876, were not auditors duly qualified to perform the duties of the office, that they never had been elected as such or taken the oath of office prescribed by the Act of Assembly, or caused the same to be recorded with the town clerk as required by law. Plaintiff objected and offer overruled. (Fifth assignment.)

Also to prove that Cyrus Shartzer, the defendant in this case, was first elected treasurer in the spring of 1868, was re-elected in 1869 and in 1870, and continued in office by re-election from year to year up until June 1874; that on the 5th day of June 1871, the period at which the pretended auditors commenced the settlement of his account, the Washington Borough School District was indebted to the defendant in the sum of $1216.78; that that item of $1216.78 forms no part of the present pretended report, and therefore is still due to this defendant from this plaintiff as a set-off against its claim of $631.90, under our defalcation plea; to be followed by proof that we asked the auditors to audit the years 1868, 1869 and 1870, which they refused to do. Objected to and offer overruled. (Sixth assignment.)

The court instructed the jury to find a verdict for plaintiff for $631.90, with interest; that under the law and the evidence the plaintiff was entitled to this verdict, and they should so render it. (Seventh assignment.) Verdict accordingly, when defendants took this writ assigning the foregoing errors.

*H. C. Brubaker* and *S. H. Reynolds*, for plaintiff in error.— It was error to admit the auditor's report. There was no evidence of an *actual* report, and it was never filed as required by law. But we were not allowed, either under the cross-examination of the witness, or by the subsequent offers in behalf of our defence to this action, to show that neither the witness nor his colleagues had ever been elected or sworn as auditors; that these two men, as residents, and perhaps taxpayers of the borough of Washington, had undertaken, in the face of the law, to establish themselves as a court of inquiry, before which the treasurer would be obliged at their bidding to have his accounts with the directors investigated, and adjudicated.

We admit that had there been an *actual* settlement made by the legally elected and qualified borough auditors, such report would be conclusive upon us unless an appeal had been taken as prescribed by the Act of 11th April 1862, pl. 3, Pamph. L. 471, Purd. Dig. p. 241, pl. 35; Porter *v.* School Directors, 6 Harris 144. The statute furnishes the tribunal before which the accounts of the

treasurer with the directors are .to be settled, and no set of men can constitute that tribunal except in the manner fixed by law.

We concede that the proper tribunal for the adjustment of differences was the board of borough auditors, but when none were elected or sworn for the several terms of the treasurer, what other remedy was there? This suit brought us before a tribunal where we might have our case adjudicated.

*H. M. North,* for defendant in error.—The pleas admitted the contract and liability as declared on: Gebhart *v.* Francis, 8 Casey 78; Gilinger *v.* Kulp, 5 W. & S. 264; Abbott *v.* Lyon, 4 Id. 38; Lewis *v.* Morgan, 11 S. & R. 234. These auditors were *de facto* officers and as such their official acts were binding: Dillon on Municipal Corporations, sect. 214; Scadding *v.* Lorant, 5 E. L. & E. R. 30. A settlement by township auditors of the account of the treasurer of a school district is conclusive unless an appeal be taken: Porter *v.* School Directors, 6 Harris 144; Township of Middletown *v.* Miles, 11 P. F. Smith 290; Wissler *v.* Township of East Hempfield, Lancaster Bar, November 27th 1869, by Long, P. J.

Mr. Justice MERCUR delivered the opinion of the court, October 6th 1879.

This was an action on the bond of the treasurer of the school district, of the Borough of Washington for the year 1873, and his sureties. The plea of payment admitted the execution of the bond, and this disposes of the first assignment: Lewis *v.* Morgan, 11 S. & R. 234; Abbott *v.* Lyon, 4 W. & S. 39; Gilinger *v.* Kulp, 5 Id. 264; Gebhart *v.* Francis et al., 8 Casey 78.

The defendant in error sought to recover the sum found due from the treasurer on a settlement of his accounts, made by the borough auditors. The first section of the Act of 21st May 1857, authorizes borough auditors to settle the accounts of school treasurers, with the right of appeal therefrom, to either party. Unless appealed from, such settlement is conclusive : Porter *v.* School Directors, 6 Harris 144; Township of Middletown *v.* Miles, 11 P. F. Smith 290.

The fifth assignment is to the rejection of evidence that the persons who acted as auditors had not been duly elected, and had not taken the oath prescribed by the Act of Assembly. The Act of 19th May 1874 directs, inter alia, that contested elections of officers of townships and boroughs shall be tried and determined by the Court of Quarter Sessions of the proper county. It is a matter over which the Court of Common Pleas has no jurisdiction. If, then, the due election of these persons was questioned, it could be tried and determined in the Court of Quarter Sessions only. It cannot be inquired of in this collateral proceeding. They were auditors *de facto*, if not *de jure*. The treasurer appeared before them, and

[Shartzer *v.* School District.]

submitted his account to their adjudication. He took no appeal from their decision. He cannot now be permitted to show that they were not duly elected.

It is true, the Act of Assembly requires they shall, before entering on the duties of their office, take and subscribe an oath; and also imposes penalties for a violation of this requirement; but it does not declare that the omission to take the oath shall *ipso facto* vacate their offices. It requires judicial action, instituted for that purpose, to produce such result.

The sixth assignment is to the set-off. If this claim of set-off ever had any merit, it existed and was available in the hands of the treasurer, at the time his account was settled by the auditors. That was the time to have presented his claim. They were the tribunal to have passed upon it. If dissatisfied with their decision, the right of appeal was open to him. The legal effect of their decision is that the sum of $631, above all claims and demands of the treasurer, was then due from him to the school district. He cannot now, in this action, go back of that finding of the auditors. The learned judge was right in directing the jury to find for the defendant in error.

Judgment affirmed.