## Short et al. *versus* Gilson et al.

Under the Act of April 15th, 1834, the Auditors of each township are required to meet annually, to audit, settle and adjust the accounts of the Supervisor of the township. Either party may appeal to the Court of Common Pleas, within thirty days, but unless appealed from, such settlement is conclusive. The acting Auditors cannot re-examine the accounts of a Supervisor for any previous year.

October 10th, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

ERROR to the Court of Common Pleas of *Westmoreland county:* Of October Term, 1884, No. 146.

Debt, by J. M. Gilson et al., Auditors of Derry township, for the use of said township against Jacob Short, John Short and John A. Bridge, on a Supervisor's bond given by Jacob Short, on which the other defendants were sureties.

On the trial, before HUNTER, P. J., the following facts appeared : Jacob Short was Supervisor of Derry township for the years ending in the spring of 1879 and 1880. On April 26th, 1879, the Auditors of the township met and settled his accounts for the first year, showing a balance due by him to the township of $294.59. On April 19th, 1880, they met and settled his accounts for the second year, carrying forward in this report the $294.59, "amount due on settlement of '79." At the second settlement the Auditors found a balance due the township by Short of $274.01 ; and to recover that amount this suit was brought.

The defendant Jacob Short contended that the Auditors

made errors in auditing his accounts; and that in the township Auditor's book, immediately after the statement showing a balance of $274.01 due by him to the township, appeared an entry made by one of the Auditors in lead pencil as follows: "Error on settlement of 1879, $151.62;" that this correction was made before the Auditors' statement was published, and the credit of $151.62 was allowed him in their published statement. Further, that being still dissatisfied with the Auditors' report, Short applied to them to re-examine his accounts which they agreed to do, but failed to meet for the purpose until 1882, when two of the Auditors for 1879 and 1880 did meet, and found that Short was entitled to further credits for taxes, work and money expended, amounting to $100.39, leaving his debt to the township only $22. Two of the Auditors for 1882 (one of whom was also an Auditor in 1879 and 1880), approved of this statement.

Joseph Guthrie, a witness called by the plaintiff, testified in his examination in chief, "that he was one of the Auditors of Derry township for the years 1878, 1879, and ending in 1880; that he was present at the meeting of the Board of Auditors in ——, 1880; that the account of defendant Short, as one of the Supervisors of said township, was presented, examined and settled; that a certain book, purporting to contain said settlement, was the book of the township, in which accounts of the Supervisors were kept." Defendant then proposed to ask the witness in cross examination: "How and from whom the items contained in the alleged settlement were obtained; whether defendant presented the book he was required to keep by law, and from which the settlement should be made; and if so, whether certain credits, as they now appear in the back part of the book, were seen, examined or considered in the settlement; whether the Auditors, as required by law, published a statement of said account; and if so, what that published statement showed, for the purpose of eliciting information as to questions on which the witness was examined in chief."

To this offer the plaintiffs objected, on the ground that the evidence thus sought to be elicited was immaterial, inasmuch as the settlement as made by the Auditors was now final and conclusive.

Objection sustained and evidence rejected. Exception.

The court charged as follows:—

"This is an action brought upon a Supervisor's bond. It appears by the evidence that Jacob Short was a Supervisor in Derry township in the years 1879 and 1880. For those years he executed bonds. Upon his bond for the last year this action is brought to recover from the Supervisor a balance in his

hands as shown by the Auditors' report. It appears that the Auditors passed upon the accounts of the Supervisor and carried the balance for one year over to his accounts for the last year. In the Auditors' report for the last year they found that there was a balance of $274.01 in Mr. Short's hands. [This finding of the township Auditors is an adjudication of the balance in his hands, and, for the purpose of this action, is conclusive upon him]. The law provides that a person must appeal from the finding of the Auditors within a certain time, and if he does not do so he cannot in any other proceeding question the correctness of their finding. It has incidentally leaked out during the trial that there was an error in the first year in footing up the duplicates. That was a year before this final audit. We cannot now open up this audit, and especially the audit of the former year, and question what has been done, in this action. As we have said, if the Supervisor was not satisfied with the result, his remedy was by appeal to the court, in which case the court would have placed the matter in such shape as that it could have been examined and correctly adjusted. But now, this Auditors' report for the last year, footing up this balance, as shown by their books, is conclusive upon the defendant, and, there being no other evidence, you must find for the plaintiff this amount, to which, of course, you will add interest. This suit having been brought upon an official bond, your verdict should be for the full amount of the penalty in the bond, but you will assess as damages only the amount actually due by the defendant to the township, as shown by the Auditors' report."

Verdict for the plaintiffs and judgment thereon; whereupon the defendants took this writ, assigning for error the refusal of the court to admit their evidence, and that part of the general charge included in brackets.

*Latta* (with whom was *Gill*), for plaintiffs in error.—In all the cases cited by the defendants in error, new burdens were sought to be thrown on the municipalities by the allowance of claims which had formerly been disallowed. In no case has it been held that the mere correction of a palpable mistake in the addition of figures, or in the overlooking of certain items of credit, could not be corrected by the proper auditing officers of a township.

The court was in error in instructing the jury that the first statement of Auditors was final and conclusive, in the face of the correction made before publication, apparent in the township book. Was it not a pure question of fact for the jury to determine as to which one, if either, of these appearing settlements was the true and correct one?

[Short *v.* Gilson.]

*W. H. Klingensmith*, for defendants in error.—The method of accounting by township officers is fixed by the Act of 1834. Section 104 provides that the township or officer accounting may appeal from the settlement made by the Auditors within thirty days after such settlement. If the accounting officer feels aggrieved by such settlement, the Act of Assembly providing for appeal is his only remedy. It affords a complete remedy. No other remedy can be adopted. That the settlement is conclusive has been held by this court in many cases: Leasure *v.* Mahoning Township, 8 Watts 551; Brown *v.* White Deer Township, 3 Casey 109; Porter *v.* School Directors, 6 Harris 144; Dyer *v.* Covington Township, 4 Casey 186; Blackmore *v.* Allegheny county, 1 P. F. S. 160; Glatfelter *v.* Commonwealth, 24 P. F. S. 74; Siggins *v.* Commonwealth, 4 Norris 278. To allow the evidence proposed by the defendant in his first three points to go to the jury would be to substantially re-open the accounts for 1879 and 1880, which this court has said could not be done: Leasure *v.* Mahoning Township, *supra.*

The opinion of the court was filed October 20th, 1884.

PER CURIAM: The Act of 15th April, 1834, requires the Auditors of each township annually to meet, audit, settle and adjust the accounts of the Supervisors and Treasurers of the township, and of such other township officers as may by law be referred to them. Either party may appeal from such settlement, within thirty days thereafter, to the Common Pleas of the proper county. Unless appealed from the settlement is conclusive: Porter *v.* School Directors, 6 Harris 144; Brown *v.* White Deer Township, 3 Casey 109; Dyer *v.* Covington Township, 4 Id. 186. The Auditors cannot re-examine the accounts of a previous year: Leasure *v.* Mahoning Township, 8 Watts 551.

This case is a settlement of the Supervisors' account for 1879. The attempt is made in 1882 to correct an alleged error by the Auditors then in office. The fact that one of them was an Auditor when the settlement was made does not enlarge their powers.

Judgment affirmed.