# Commonwealth of Pennsylvania for the use of the Township of East Cocalico v. S. L. Sweigart, John P. Smith and W. D. Fink, Appellants.

*Public officers—Supervisor's liability—Auditor's report.*

There being circumstances under which supervisors might be chargeable, as officers, with money coming from a given source, the auditor's report unappealed from is a conclusive adjudication by a tribunal of competent and exclusive jurisdiction that the facts existed which made them legally chargeable.

In the case at bar the question arose as to the liability of supervisors for funds paid them under the act of 1891, in the absence of a township treasurer, for liquor licenses, and which were applicable to repair of roads.

*Principal and surety—Balance remaining in supervisor's hands—Surety's liability.*

The obligation of a bond given by sureties for supervisors is for money that comes into the hands of the officers during the term for which the bond was given. If the auditor's report shows that during the year certain moneys came into the hands of the supervisor, as an officer, and that he made certain disbursements, it is not competent for the surety, defendant in a suit upon the bond, to show that the supervisor did not receive the money, or that he made other disbursements for which he was not given credit.

When a supervisor is reappointed he becomes his own successor, and his sureties are liable for the balance remaining unexpended in his hands in addition to the correct receipts of the term.

Argued Nov. 16, 1898. Appeal, No. 48, Oct. T., 1898, by John F. Smith and W. D. Fink, from judgment of C. P. Lancaster Co., Nov. T., 1897, No. 33, on verdict for plaintiff. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit. Before LIVINGSTON, P. J.

It appears from the record and evidence that the defendant, Sweigart, was, for many years, the supervisor of East Cocalico township, Lancaster county. John F. Smith and W. D. Fink were the sureties on his bond for one year, 1896 to 1897. On April 8, 1897, the township auditors filed their report in the office of the clerk of the court of quarter sessions at Lancaster, in which they found a balance in favor of the township from Sweigart of $480.87. In their account they charged him with the sum of $273.88 as the balance in his hands at the beginning of the year, also an item of $171 for money collected on liquor licenses. No appeal from the finding of the auditors was ever taken by said Sweigart, and when his successor in office was elected and demanded from Sweigart the balance found to be due as aforesaid, Sweigart refused to pay over the same.

The court below entered judgment for want of a sufficient affidavit of defense in favor of plaintiff for the sum of $501.21. John F. Smith and W. D. Fink, the sureties, appealed.

*Error assigned* was in directing judgment in favor of plaintiff against John F. Smith and W. D. Fink, the sureties.

*B. F. Davis* and *A. J. Eberly,* for appellants.—It was contended all the time by counsel for appellees that said report

was conclusive upon the sureties, and that, under the statement, is the only point upon which they can ask for judgment against the sureties who are the appellants.

From this we dissent, as such a rule might do great harm to innocent parties, and allow a dishonest supervisor to collude with an unscrupulous board of auditors at the expense of his sureties. That the rule does not apply to sureties we cite Township of Hazle v. Markle, 175 Pa. 405.

Now, the face of the records shows : First, the report of auditors, a default of $273.88 for the year before appellants became sureties. Second, the statement does not show that this fact was made known to the appellants before they became sureties for Sweigart: Bolz v. Stuhl, 4 Pa. Superior Ct. 52; Wayne v. Bank, 52 Pa. 343.

The statement and report of the auditors do not show that the supervisor or any person ever had notice to appear before the auditors: Wilson v. Clarion Co., 2 Pa. 17; Blackmore v. Allegheny Co., 51 Pa. 160.

*Wm. D. Weaver* and *Charles I. Landis,* for appellee.—The auditors' settlement is conclusive, unless appealed from: Porter v. School Directors, 18 Pa. 144; Short v. Gilson, 107 Pa. 315.

And even upon the sureties of the officer whose accounts are settled : Com. v. Comer, 2 Leg. Rec. 334.

Where a township treasurer is re-elected for a second term with a balance of funds in his hands, his surety for the second year is responsible for the proper administration of such balance : Wilson v. School Directors, 2 Amer. Law Reg. 123.

OPINION BY RICE, P. J., February 17, 1899:

In the audit of his accounts for the year ending March 9, 1897, S. L. Sweigart, one of the township supervisors, was charged with the sum of $2,698.51 and credited with the sum of $2,217.64, leaving a balance of $480.87. The report was duly advertised and filed, and no appeal was taken. Sweigart having refused to pay to his successor this balance, suit was brought against him and his sureties on his official bond. The condition of the bond was, that he "shall faithfully apply, according to law, all moneys that come into his hands as an officer." Among the charges against him in the auditors' report

were the following items : " balance from last year $273.88," and " tavern licenses $171."

1. The Act of June 9, 1891, P. L. 248, provides that the money received by the county treasurer for liquor licenses shall be paid to the treasurer of the respective cities, boroughs and townships for their respective use, and that the money thus paid into any township treasury shall be applied to keeping the roads in repair. It was admitted at bar that there was no treasurer in this township but we need not invoke this admission. It is sufficient to say that there might have been none, and if in that case the money was paid directly to the supervisors they were clearly chargeable with it in the settlement of their accounts. It was their official duty to apply it in the manner directed by law, or, if not so applied, to turn it over to the proper officer at the expiration of their term. There being circumstances under which supervisors might be chargeable, as officers, with money coming from this source, the auditors' report unappealed from is a conclusive adjudication by a tribunal of competent and exclusive jurisdiction that the facts existed which made them legally chargeable in the present case : Porter v. School Directors, 18 Pa. 144 ; Brown v. White Deer Township, 27 Pa. 109 ; Dyer v. Covington, 28 Pa. 186 ; Black more v. Allegheny Co., 51 Pa. 160 ; Glatfelter v. Com., 74 Pa. 74 ; Siggins v. Com., 85 Pa. 278 ; Shartzer v. School District, 90 Pa. 192 ; Short v. Gilson, 107 Pa. 315 ; Northampton Co. v. Herman, 119 Pa. 373 ; Schuylkill v. Boyer, 125 Pa. 226 ; Westmoreland Co. v. Fisher, 172 Pa. 317 ; Com. v. Joyce, 3 Pa. Superior Ct. 616. The contention that it appears upon the face of the report that the auditors exceeded their jurisdiction in charging the supervisor with the money cannot be sustained.

2. It is to be noticed that the condition of the bond is, not that the supervisor shall pay over any balance found to be due from him upon settlement and adjustment of his accounts by the auditors, but that he shall faithfully apply, according to law, all moneys " that come into his hands as an officer." The obligation thus assumed is for money that comes into the officer's hands during the term for which the bond was given. At the foundation of the liability is the obligation, and cases can be conceived where the obligation would not include the entire balance found against the principal upon the audit of his

accounts. This would be so, not because there is to be one construction of the bond for the principal and another for the sureties, but because the condition of the bond was not broad enough to include the entire demand. Com. v. Reitzel, 9 W. & S. 109, was a case where this principle was recognized. So also it would seem to be applicable if it appeared on the face of the auditors' report now under consideration that the accounts of two years had been audited (as they might have been if there had been no previous audit of the first year: Richter v. Penn Twp., 9 Pa. 79), and the balances for each year could be readily ascertained. In such a case it would seem to be competent to show as a defense to the bond given for the second year that none of the moneys collected in the first year were in the supervisor's hands at the beginning of the bond year. This would in nowise impeach the report but would simply confine its effect as an adjudication within legitimate limits. This, however, is a very different thing from saying, that, as to the sureties, the auditors' report unappealed from is not an adjudication which precludes them from having the accounts for the year reinvestigated before the jury called to try the issue in the suit upon the bond. If the auditors' report shows that during the year certain moneys came into the hands of the supervisor as an officer, and that he made certain disbursements, it is not competent for the defendants in a suit upon the bond to show that he did not receive the money or that he made other disbursements for which he was not given credit. This we think is well established: McMicken v. Commonwealth, 58 Pa. 213, and cases cited at p. 221; Spangler v. Com., 8 W. 57; Shartzer v. School District, 90 Pa. 192; Short v. Gilson, 107 Pa. 315. This principle is distinctly asserted in Com. v. Reitzel, supra. Is the case before us within the exception, also recognized in that case, to the general rule? We think not. True, the auditors' report shows that the supervisor was charged with a sum which he had collected in the year preceding that for which the bond was given; but it does not show, nor is it alleged in the affidavit of defense, that this was the result of a reaudit, or a reinvestigation of the accounts for the preceding year. If the audit for that year showed a balance due from the officer, and that balance was in his hands when he qualified as an officer for the year covered by the last audit,

it was perfectly proper to charge him with it. " In the case of a disbursing officer, whose duty it is to retain in his hands all the funds not required by the exigencies of his office, and to pay them over upon the expiration of his term, to his successor, sureties of the latter, are necessarily liable for the sums thus received, in addition to the correct receipts. And when the same individual is reappointed, he becomes his own successor, and his sureties are liable to the same extent as if another person had been appointed and received the balance remaining unexpended. But where no such duties are imposed, and the officer is required to pay into the state treasury the moneys collected, the sureties are liable only for the money received during the term for which they bound themselves : " McKee v. Com., 2 Gr. 23. This seems to be a case of the former character. Sweigart was his own successor, and if there was no township treasurer, was the proper custodian of the funds remaining in his hands, at the expiration of the preceding year. They may therefore be said to have " come into his hands, as an officer," within the fair and reasonable meaning of the bond. Possibly, we do not say positively that it would be so, it might be competent in defense to an action on the bond, to show that the " balance upon last year " referred to in the auditors' report, was not actually in the officer's hands at the beginning of the term covered by the audit, but had been embezzled or otherwise misappropriated before that time. If, however, that was the defense relied on, the facts essential to it, ought to have been clearly and unequivocally set forth in the affidavit of defense. It cannot be contended that any defense whatever is set forth in the affidavit of Sweigart. As the learned judge of common pleas, well says, this is " an affidavit of defense with the defense, its nature and character, left out." Nor does the affidavit of the surety allege in clear and unequivocal terms, that the money charged against him in the item referred to, was not actually in the supervisor's hands at the beginning of the bond year. It appears rather to have been drawn with a view to having the accounts for the year reinvestigated before a jury. This as we have seen, the sureties had no right to demand. The fact that the auditors made certain declarations at some time, not specified, inconsistent with the finding of their report, would not of itself invalidate the report. This seems

too plain to require discussion. Granting that these declarations might be admissible in evidence, in view of some situation, that the case might take (a point not decided), it is sufficient for present purposes, to say that the fact, that the auditors made them would not constitute a defense.

Judgment affirmed.