# Commonwealth *v.* Carson.

*Public officers—Tax collector—Settlement of accounts—Evidence.*

An auditor's settlement of a tax collector's account is admissible in evidence both as against him and against his sureties for the year in question, and this is so although the settlement may contain an item of charge for which the sureties are not liable.   Where such a settlement is admitted in evidence the sureties are entitled to have the jury instructed that as to the

item in question there can be no recovery because it is not covered by the bond.

Where a payment by a tax collector is not identified in a settlement as belonging to any year it will be presumed in a collateral proceeding in the absence of evidence that the item belonged to the year as to which the settlement was made.

Sureties of a tax collector who are sued on their bonds are liable for interest on the balance unpaid at the time of the trial from the date of the filing of the auditors' report.

Argued May 3, 1904.    Appeal, No. 127, April T., 1904, by Joseph Schmader et al., from judgment of C. P. Clarion Co., Nov. T., 1901, No. 209, on verdict for plaintiff in case of Commonwealth to use of Farmington Township et al. v. S. E. Carson et al.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Assumpsit on the bond of a tax collector.    Before GALBRAITH, P. J.

At the trial plaintiff offered auditors' report of Farmington township for the year 1898, made in May, 1899, and filed in the court of quarter sessions of Clarion county, at No. 41, of May sessions, 1899, on July 17, 1899,—offering specially that part of the auditors' report which shows the accounts of S. E. Carson, collector of road taxes, and of S. E. Carson, collector of poor taxes, and which shows a balance due Farmington township of $751.44, on account of the road taxes, and of $1,318.98, on account of the poor fund.    This offer in connection with the statement of claim and affidavit of defense on file.

&ast;    &ast;    &ast;    &ast;    &ast;    &ast;    &ast;    &ast;

As to the poor fund the offer is objected to as incompetent, irrelevant and immaterial, and, further, for the reason that included in the account of the poor fund, as shown by the report, there are $502.52 carried from a former settlement, April 9, " balance at Auditors' settlement," and this includes an item for which the bondsmen are not liable.    Objected to further for the reason that the balance shown by the report is different from the amount alleged in the statement of claim filed by the plaintiff in this case, the claim in that being for only $816.46.

The Court: I think we will have to hold that the auditors' report is conclusive of the items that are included in it, so far

as this license money is concerned, although to my mind it should not have been originally included. We will overrule the objection and admit the testimony. [1]

The court charged in part as follows :

[Now, gentlemen, turning to the poor fund for that year, the auditors' report shows a balance due of $1,318.98, but in auditing the accounts of this year the auditors have brought up and charged the collector with a balance of $502.52 on the preceding year. That amount of $502.52 has already been adjudicated in a prior suit in this court against Mr. Carson and his bondsmen for the year 1897, and the record was offered in evidence in this case by the plaintiffs themselves in the nature of an admission that to that extent they were not entitled to recover here the balance as shown by the auditors' report. So that they are entitled, I would say to you, to a credit, in the first place, of $502.52, brought up from the prior year, because the bondsmen for that year were not the same as the bondsmen for the present year, 1898. This leaves a balance of $816.46.

The defendants claim they are entitled to a further credit on this account of $200, paid by the collector after his term of office expired, to Mr. Shotts, a receipt for which was offered in evidence ; and I say to you that they are entitled to that credit, which would reduce the balance due to $616.46.

It further appears that in the year 1899, Mr. Carson overpaid the amount of the duplicate of that year something more than $700. In the trial of the former case that overpayment was first applied to the liquidation of the balance of the poor fund due for the year 1897. After so applying it, it left a balance still unapplied of $287.90. The defendants ask to now have the balance applied on the reduction of the amount for the year 1898, and I say to you that they are entitled to have it so applied. This, gentlemen, further reduces this balance to $328.56. It appears further that the defendant Carson paid on an order to Mr. Kemp, I believe, $3.50, on account of the poor fund, which would be a further credit, reducing the balance to $325.06.

On that balance so ascertained the plaintiffs claim the right to receive interest from the time of the filing of the auditors' report, and the interest computed from that date to the present

by counsel, is $87.76. This, gentlemen, will make the total balance due at this time, including interest, $412.76, and I say to you that if these computations are correct and you so find, it would be your duty on account of the poor fund to render a verdict here of $412.76. As to the form of the verdict, it seems that this bond was in the sum of $8,000, and I might say to you that under the act of assembly it would be your duty to find for the commonwealth of Pennsylvania, to which this bond is given, in the sum of the bond and find further the exact amount that is due each of the plaintiffs who have intervened in this case. So that your verdict would be in favor of the commonwealth for the amount of the bond, $8,000, and for the township of Farmington on account of the road taxes for 1898 yet in the hands of the collector, $724.85, and in favor of the poor district of Farmington township on account of the balance of poor taxes for 1898 yet in the hands of the collector, $412.76, together with costs of the case. This, gentlemen, I deem would be the duty of the jury under the evidence in this case and under the law as applicable to that evidence.] [2]

Defendant offered these points :

2. The plaintiffs cannot recover interest, there being no act of assembly giving them the same. *Answer :* Refused. [3]

4. The plaintiffs cannot recover for the items in the duplicate of unseated land, $35.26, included in the auditors' settlement, as offered by the plaintiffs, with S. E. Carson, collector of road funds for 1898. *Answer :* Refused. [4]

Verdict and judgment for plaintiff. Defendants appealed.

*Errors assigned* were (1) ruling on evidence, quoting the bill of exceptions ; (2–4) above instructions, quoting them.

*George F. Witmer*, with him *John S. Shirley* and *W. A. Hindman*, for appellants, cited: Speck v. Com., 3 W. & S. 324 ; McKee v. Com., 2 Grant, 23 ; Glover v. Wilson, 6 Pa. 290.

*A. A. Geary*, for appellee, cited: Com. v. Sweigart, 9 Pa. Superior Ct. 455 ; Speck v. Com., 3 W. & S. 324 ; Blackmore v. Allegheny County, 51 Pa. 160.

OPINION BY RICE, P. J., November 21, 1904 :

1. The condition of the bond given by the tax collector upon

which this suit was brought was that he "shall well and truly collect and pay over and account for according to law the whole amount of taxes charged and assessed in the duplicates which shall be delivered to him during the year ending April 1, 1899." Section 11 of the Act of June 25, 1885, P. L. 187, provides that: "The accounts of the collectors of taxes shall be settled by the township or borough auditors of the proper township or borough, and he shall state a separate account for each different tax collected by him." That, as a general rule, the auditor's settlement of a tax collector's account is admissible in evidence, both as against him and against his sureties for the year in question, is clear. See Com. v. Gruver, 13 Pa. Superior Ct. 553, and Com. v. Sweigart, 9 Pa. Superior Ct. 455, and cases there cited. But it is claimed that in this particular case, the settlement should not have been admitted, because it appeared on its face that in arriving at the balance with which they charged him, the auditors included a balance of $502.50 found due from him in the audit of his account for the preceding year, for which the sureties on the bond in question were not liable. This objection was not sufficient to prevent the admission of the report in evidence; at the most, it simply entitled the defendants to have the jury instructed that as to this item there could be no recovery because it was not covered by the bond: Com. v. Sweigart, supra. This was conceded by the plaintiff's counsel, and the court so instructed the jury.

2. The defendants offered in evidence certain portions of the auditor's settlement of the collector's account for the year ending April 1, 1900, "for the purpose of showing that in 1899 there was considerably more paid than the amount of the duplicate of that year, and that the same would then apply on the prior year." In that settlement appeared two credit items, "amount paid treasurer, $784.95" and "amount paid county, $300." These, together with the other credits allowed him, exceeded the amount of taxes with which he was charged for that year by $790.42. The court treated this as an overpayment, and charged the jury that, after deducting therefrom $550.52, the sum applied in liquidation of the balance found due in the audit of the collector's account for the year 1897, the remainder, $287.90, should be applied in reduction of the

amount adjudicated to be due from him in the audit of his account for the year 1898. These instuctions seem to be in harmony with the theory which the defendants entertained at the trial, as shown by their statement of the purpose for which the defendant's evidence was offered. But they now claim that the two credit items $784.95 and $300 should first be applied in discharge of the balances found due in the audit of the accounts for the years 1897 and 1898. Two answers to this contention are suggested. One is that the question of their applicability to the account of 1899 was impliedly adjudicated in the settlement of that year; in other words, that they were applied as the debtor presumably intended them to be. But, assuming this not to be so as to the item $784.95, the objection remains that there is no evidence whatever that he had a right, even if he had claimed it at the time the payment was made, to have the item " paid county $300 " treated as a payment to the poor district upon the account of any other year than that in which it was credited. We must assume in this collateral proceeding that he was entitled to bring it in as a credit in the settlement of his accounts for that year, but that is as far as we have a right to go under the evidence. Leaving this item out of consideration, the result of the application of payments under the instructions of the court was slightly more favorable to the defendants than if the theory for which they now contend had been adopted.

3. The court instructed the jury that the plaintiff was entitled to recover interest on the balance which remained unpaid at the time of trial from the date of the filing of the auditor's report. In this there was no error of which the defendants have just cause to complain : Glover v. Wilson, 6 Pa. 290; Com. v. Porter, 21 Pa. 385.

All the assignments of error are overruled and the judgment is affirmed.