## Commonwealth to use Appellant, *v.* Carson.

*Public officers—Settlement of accounts—Auditors—Tax collector.*

Where the court has excluded a debt item in a settlement of the accounts of a tax collector, because it showed on its face that it was a balance from a previous year, it is error to refuse to strike out an item on the credit side designated as an amount paid treasurer as of the previous year, or to permit the school district to show that such credit item was money collected from the prior years' taxes and applied by the collector to extinguish the balance against him.

Argued May 2, 1905. Appeal; No. 144, April T., 1905, by plaintiff, from judgment of C. P Clarion Co., Aug. T., 1900, No. 165, on verdict for plaintiff in case of Commonwealth to use of the School District of Farmington Township v. S. E. Carson and the United States Fidelity & Guaranty Co., of Baltimore. Before BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit on bond of tax collector. Before GALBREATH, P. J., specially presiding.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $116.39. Plaintiff appealed.

*Error assigned* among others was in excluding the offer of evidence quoted in the opinion of the Superior Court.

**478**  COMMONWEALTH, Appellant, *v.* CARSON.

*A. A. Geary*, for appellant, cited: Com. v. Carson, 26 Pa. Superior Ct. 437; Pardee v. Markle, 111 Pa. 548; Com. v. Reitzel, 9 W. & S. 109; McKee v. Com., 2 Grant, 23; Com. v. Stambaugh, 164 Pa. 437; Leggoe v. Mayer, 2 Pa. Superior Ct. 529.

*William A. Hindman*, for appellee, cited: Porter v. School Directors, 18 Pa. 144; Short et al. v. Gilson et al., 107 Pa. 315; Westmoreland County v. Fisher, 172 Pa. 317; Northumberland County v. Bloom, 3 W. & S. 542.

OPINION BY BEAVER, J., July 13, 1905:

This is an appeal by the school district of Farmington township from a judgment based upon the auditors' report of the said township, involving the settlement of one of the defendants, the collector of school taxes for the year 1899. The other defendant, the United States Fidelity & Guaranty Company of Baltimore, was the surety of the collector for that year.

The first item in the auditors' report charged against the collector is: "To balance at Aud. settlement 1899, $778.90." Inasmuch as this item shows upon its face that it was carried forward from a previous settlement and was not a charge against the collector for the year 1898, for which the surety company was defendant, the court properly refused to admit that item in evidence.

The first item of credit in the said auditor's report was: "By Amt. paid Treas. '98, $784.45." Upon its face this credit would indicate that the payment had been made either in the year 1898 or out of taxes collected for that year. We said in Com. v. Carson, 26 Pa. Superior Ct. 437: "That, as a general rule, the auditor's settlement of a tax collector's account is admissible in evidence, both as against him and against his sureties, for the year in question, is clear," citing authorities. Upon what ground the court, therefore, refused to strike out the item of "Amt. paid Treas. '98, $784.45," after having stricken out "Balance at Aud. settlement 1899, $778.90," we are at a loss to understand. If the item needed explanation, the offers made by the plaintiff—First, "That at the time Mr. Carson, the collector, came before the auditors, he handed in this amount of $784.45 and stated to the auditors that that

was of taxes which he had collected of the previous year, and accordingly it was so marked by the auditors on the auditors' report," and that the collector " was charged with a balance on the preceding year and he paid this money in to square off that balance, and it is so marked, 'Paid Treas. 1898,'" and that the said amount was collected from the taxes of 1898 and specifically applied by the collector for the payment of a balance appearing against him for that year—were abundantly sufficient to explain the credit and to establish the fact, if believed by the jury, that the said item was not a credit upon the taxes collected for 1899.   The item of itself, if it showed anything, would be presumed to mean just what it says.   If it needed explanation, as it probably did, the offers should have been admitted for that purpose.   In any view of the case, we think the court erred in excluding the offers of the plaintiff, after having excluded from the consideration of the jury the item on the debit side of the account, charging the defendant collector with the balance at the former settlement. The second and third assignments of error are, therefore, sustained.

Judgment reversed and a new venire awarded.