## Commonwealth, to use, v. St. Paul Mercury Indemnity Company of St. Paul

*Dawson H. Muth* and *Ralph C. Body*, for plaintiff.
*George B. Balmer*, for defendant.

MAYS, J., July 6, 1936.—Plaintiff claims of defendant the sum of $25,000. The statement of claim avers the giving of two bonds by Robert R. Gerhart, former county treasurer, with defendant as surety, both of them providing, inter alia, that the said Robert R. Gerhart should "pay to his successor any balance of money belonging to the County of Berks remaining in his hands which was received by him or in his possession from July 15, 1935, up to and including the first Monday of January, 1936"; that after the expiration of his term of office as county treasurer, the County Controller of Berks County, after duly auditing the accounts of the said Robert R. Gerhart as county treasurer, in his official report showed that the said Robert R. Gerhart was short in his accounts as county treasurer, specifying the amount; and that by reason of said report and surcharge defendant, "because of the execution of the aforesaid bonds of the county treasurer, Robert R. Gerhart, became liable as surety to pay the total amount of said bonds, namely, $25,000."

Defendant filed an affidavit of defense raising questions of law, and seeks to have plaintiff barred from having or maintaining this action against defendant "for the reason," as stated by counsel for defendant in concluding their brief, "that the statement of claim does not allege a breach of the condition of the bond and perhaps for the reason that the procedure before the county controller is exclusive."

Neither of these matters is a proper basis for a demurrer. Surely it is not apparent upon the face of the statement of claim that the action of the county is barred by the alleged contractual limitation. In Megargee Brothers v. D. L. & W. R. R. Co., 27 Lack. Jur. 30, 32, Maxey, J., said:

"It is very clear that a limitation by contract is a matter of substantive defense and not a matter that can be taken advantage of by demurrer."

And what was said by Rice, P. J., in Commonwealth, for use, v. Sweigart et al., 9 Pa. Superior Ct. 455, 460, is quite significant:

"Possibly, we do not say positively that it would be so, it might be competent in defense to an action on the bond, to show that the 'balance upon last year' referred to in the auditors' report, was not actually in the officer's hands at the beginning of the term covered by the audit, but had been embezzled or otherwise misappropriated before that time."

If it be true that the procedure before the county controller is exclusive, this is a matter of defense to plaintiff's action. On the facts averred, we cannot now say as a matter of law that plaintiff is not entitled to recover. A summary judgment should be given only in clear cases.

And now, to wit, July 6, 1936, the questions of law raised in the affidavit of defense are decided against defendant, and defendant is directed, within 15 days from this date, to file a supplemental affidavit of defense to the averments of fact of the statement, as required by the Practice Act of 1915.