## The Commonwealth ex rel., etc., v. Peter Joyce et al., Appellants.

*Practice, Q. S.—Auditors' report—School district treasurer—Motion to strike off.*

The remedy of a school district treasurer for erroneous surcharge at an audit of his accounts is by appeal from the audit as provided by law ; it is too late to raise the question upon a motion to strike off the report.

*Township auditors—School district treasurer's account—Conclusiveness of settlement.*

Under the special act of February 17, 1859, P. L. 51, relating to the settlement of the accounts of the school district treasurer by the township auditors in Schuylkill county, that tribunal is exclusive of all others, and its decision if not appealed from is final and conclusive, and cannot be opened for the correction of errors.

The allegation that the treasurer was not notified of the audit will not prevail in support of a motion to strike off the report ; it appearing that he had appointed a deputy treasurer who was in custody of the books and who was the acting treasurer and who appeared, with them, before the auditors, before whom also the treasurer himself appeared as a witness.

*Filing copy of settlement—When adequate under act of 1859.*

Under the Act of February 17, 1859, P. L. 51, the filing of a copy of the settlement for the inspection of the parties interested, complies as fully with the spirit and purpose of the act as filing the original itself, there being no allegation of mistake or variation in the copy as filed and the original settlement as made.

Queried, whether this portion of the act of 1859 is not superseded by the Act of April 24, 1874, P. L. 112.

Argued Dec. 10, 1896. Appeal No. 127, Nov. T., 1896, by defendants, from order of Q. S. Schuylkill Co., discharging rule to show cause why the auditor's report should not be stricken off. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Motion of Margaret Joyce, executrix of Peter Joyce, deceased, and his sureties, to strike off report of auditors for matters appearing on the record.   Before PERSHING, P. J.

Peter Joyce was the treasurer of the school district of Butler township, Schuylkill county, for the year ending June 5, 1893, and his bond was filed in the office of the clerk of the quarter sessions.   By a settlement with the township auditors Joyce was found to be indebted to the school district in the sum of $484.48.   He died on January 13, 1894.

On May 9, 1894, on application of the school district the court directed that the bond of Joyce should be certified in the common pleas and judgment entered thereon against Joyce and his sureties for the above sum of $484.48.   The application for leave to enter an appeal nunc pro tunc was refused.   A motion was taken in the quarter sessions to strike off the report of the auditors for matters appearing on the record, which was discharged; said action forming the basis of the appeal in this case.

On the same day a rule was taken in the common pleas to show cause why the judgment should not be stricken off and on May 18, this rule was amended by the addition of the words "or the judgment opened and the defendants let into a defense."

Both rules were argued below and disposed of in one opinion by PERSHING, P. J., who struck off the judgment as to Joyce the treasurer by reason of the intervention of his death, but dismissed the rule in the quarter sessions and the rule in the common pleas so far as it related .to the sureties on the bond.

*Errors assigned* were (1) the court erred in holding that the said alleged report does affirmatively show that the auditors of the school district did summon Peter Joyce, treasurer of said school district, and inform him that they were about to surcharge him and that they, also, gave him an opportunity to be heard before he was thus surcharged.

(2) The court erred in holding that the settlement by said township auditors, unappealed from, was conclusive upon Peter Joyce and his sureties, inasmuch as there is·no evidence that the said Joyce was summoned to appear before the said auditors, or that he had notice that they were about to surcharge him.

(3) The court erred in holding that the paper filed with the

clerk of quarter sessions, which purported to be a printed copy of the advertisement of the township auditors' report, authorized or empowered the said auditors to surcharge Peter Joyce, the said treasurer, with orders which they knew were paid by him, and which orders were legally and properly drawn by the legally authorized officers of the school district, and for purposes that are, on the face of said orders, entirely legal and lawful.

(4) The court erred in holding that the paper filed December 30, 1893, in the office of the clerk of court of quarter sessions of Schuylkill county, purporting to be a report of the auditors of Butler township on the financial condition of the Butler township school district for the year ending June 5, 1893, is in compliance with the act of assembly approved February 17, 1859, P. L. 51, entitled, "An act to secure a stricter accountability of certain public officers in Schuylkill county."

(5) The court erred in refusing to make absolute the rule to strike off or set aside the auditors' report filed in this case.

(6) The court erred in holding that the Act of 1874, P. L. 112, repealed or superseded the 2d section of the Act of February 17, 1859, P. L. 51.

(7) The court erred in neither striking off nor opening the judgment which in this case was improvidently entered on the said bond, because there was no evidence before the court of any default by the said treasurer, and there is no evidence of any amount to be collected from the said treasurer and his sureties, or either of them.

*J. F. Monogur*, with him *J. W. Ryan*, for appellants.—The first and second assignments of error strike at the jurisdiction of the auditors of the school district of the township of Butler. The records of judgments, which have been entered by courts that have been created by statute, must affirmatively show or exhibit of record, every essential element necessary to give these courts jurisdiction: Allen v. Krips, 119 Pa. 1; Pantall v. Dickey, 123 Pa. 431; M'Kinney v. Brown, 130 Pa. 365; Schuylkill v. Minogue, 160 Pa. 164.

If the auditors proceed to settle the account without giving notice to the treasurer, and their report be filed, no appeal entered and execution issued, the court on application will set the report aside: Brown v. Com., 2 R. 45.

Where a person is in default to a county, he ought to be summoned before the auditors and have a hearing, unless he makes default after being duly summoned: Wilson v. Clarion Co., 2 Pa. 17.

There is no repeal of the act of 1859 by the act of 1874, the intendment of the later act being general, and not to supply the local: Bounty Accounts, 70 Pa. 92; Kilgore v. Com., 94 Pa. 495; Evans v. Phillipi, 117 Pa. 226; Bell v. Allegheny, 149 Pa. 381.

*Wm. A. Marr*, for appellees.—The settlement by the auditors unappealed from is conclusive on Joyce and his sureties. This is settled by many authorities: Westmoreland Co. v. Fisher, 172 Pa. 317; Schuylkill Co. v. Boyer, 125 Pa. 226; Schartzer et al. v. School District, 90 Pa. 192; Porter v. School Directors, 18 Pa. 144.

The object of filing the settlement is not for the officer who is a party to the settlement but for the taxpayer of the different school districts, and is in line with the legislation of April 14, 1851, P. L. 616. It follows therefore that the filing of a copy was abundant compliance with the statute, and in any event this provision of the act of 1859 is supplanted by the Act of April 24, 1874, P. L. 112: Keller v. Com., 71 Pa. 413; Martz' Contested Election, 110 Pa. 502.

OPINION BY REEDER, J., February 16, 1897:

The act of February 17, 1859 was a special act of assembly relating only to Schuylkill county, the first section of the act providing that, " hereafter all supervisors, all township, borough and school district treasurers for both road and school purposes, and all collectors of borough, road and school taxes shall file in the office of the clerk of quarter sessions bonds with warrants of attorney to confess judgment, with sufficient sureties, there to remain subject to the order of the court, for the security of said townships, boroughs, school districts and all others interested in said bonds whenever legal proceedings shall be necessary thereon."

The account of Peter Joyce as treasurer of the school district of Butler township was regularly filed in the office of the clerk of quarter sessions. The auditors found by this settlement

Peter Joyce to be indebted to the township in the sum of $484.48. Prior to this time, in conformity with the said act of assembly, the bond of Peter Joyce, with security, was filed in the court of quarter sessions, and upon the filing of the report of the auditors, that $484.48 was due from Peter Joyce as treasurer, under the warrant of attorney, judgment was entered in favor of the plaintiffs and against the defendants for that sum.

It is claimed by the appellants that the auditors had no jurisdiction in passing upon the account of the treasurer of the school district to surcharge him with any amount, for the reason that he did not have notice of the settlement by them of his account.

It appears as a fact from the statement of the auditors and which fact was not denied by the appellants in this case, that the books, papers and accounts of the school district were in the custody, possession and control of Owen Conroy, the son-in-law of Peter Joyce, who was a school director of this district. The auditors further find, that Peter Joyce was but the nominal treasurer and that Owen Conroy was in fact treasurer of the Butler school district in everything but name, and that Peter Joyce admitted, while testifying before them, that he was but the nominal treasurer. During the examination of the account of Peter Joyce he was present before the board of auditors and testified. The auditors surcharged him with a number of orders, which were not drawn by the legal board of school directors, but by a board illegally constituted, of which Conroy was a member, upon Owen Conroy, who was then the acting treasurer of the district and which orders the auditors found were drawn in an illegal manner, and in some cases and instances for illegal purposes. The auditors also find as a fact, that Peter Joyce, the father-in-law of Conroy, had an agreement with Conroy that the latter was to act as treasurer, although a member of the school board, and was to draw the compensation.

It is difficult to understand how it can be successfully contended, that the auditors did not have jurisdiction for the purpose of investigating the accounts of Peter Joyce as treasurer, when before the investigation by the auditors took place, they demanded the books from Owen Conroy, who had the custody of them for Peter Joyce, and while the investigation was pending, Peter Joyce himself testified before the auditors, or that it

can be successfully contended that the neglect of Peter Joyce to appeal from the report as filed by the auditors surcharging him, is not conclusive upon him in the absence of such appeal. Peter Joyce must certainly have had knowledge that his accounts were being passed upon by the auditors, he having been called as a witness to testify before the auditors in relation to them. Owen Conroy continuously acted for Joyce, as the auditors find, as treasurer, Joyce being but the treasurer in name, and Owen Conroy having been the actual custodian of all the books and having charge of the entire business, and the accounts having been obtained from Conroy with extreme difficulty prior to the beginning of the investigation, and the report of the auditors having been unappealed from, it is conclusive on Peter Joyce and his sureties. This disposes of the first and second assignments of error.

The third assignment of error asserts that the court erred in deciding that the auditors were empowered or authorized to surcharge Peter Joyce with orders which they knew were paid by Joyce and " which orders were legally and properly drawn by the legally authorized officers of the school district and for purposes that were on the face of said orders entirely legal and lawful." The appellants claim that these orders or warrants were regular on their face, for purposes recognized by law and within the scope of the authority of those issuing them, and that, therefore, the disbursing officer was protected in their payment. If this position is correct, and the statement of fact upon which it is based is also correct in its description of the orders—the purposes for which they were drawn, and the authority by which they were directed to be issued—it nevertheless was too late to raise the question upon a motion to strike off the auditors' report at the time it was presented in the court below. The appellants' only remedy was an appeal from the auditors' report, and that not being taken they lost their remedy and have no right to raise the question in this way, and we have no power to consider it. But it appears from an examination of the auditors' report and their finding of fact, which is the only evidence upon which we can determine any fact at issue, or which might be at issue in this controversy, that the orders were not legally drawn by a legally constituted board, but were drawn by an illegally constituted board, one of whom was Owen Conroy

acting as treasurer of the district, and that they were paid by himself as the acting treasurer, and, as found by the auditors in some cases drawn for illegal purposes and known by him to be fraudulent. The appellants contend that the provisions of the act of 1859, providing for the filing of auditor's settlements of the accounts in the office of the clerk of the court of quarter sessions for the inspection of those interested in said accounts was not complied with, for the reason that a copy of the settlement was filed instead of the original, and that therefore it ought to be stricken off or set aside by the court in accordance with their motion. It seems to us that the spirit and purpose of the act of 1859 is complied with just as fully by the filing of a copy of the settlement for the inspection of parties interested as by filing the original account itself, and as it stands of record in the court having competent jurisdiction under the act of assembly, all parties interested have the same opportunity for investigation and their interests are as fully protected in the one case as in the other, and that therefore the filing of a copy of the settlement by the auditors in the court of quarter sessions, while it may not be a strict compliance with the requirement of the law, and while the court could compel the auditors to file the original account upon proper application, yet, no person could complain of the filing of the copy of the account instead of the original, unless his material interests were in some way affected by the substitution, and as there is no allegation of mistake or variation in the copy as filed and the original settlement as made, and as no appeal was taken by Peter Joyce from the report of the auditors as filed by them in the court of quarter sessions in the shape of the copy of their settlement, he is not now in a position which entitles him to relief here.

It is also a doubtful question whether this portion of the act of 1859 is not superseded by the act of April 24, 1874. By the latter act, auditors are required to file a copy of their annual settlement with the clerk of the court of quarter sessions, which shall be at all times subject to the inspection of the citizen. It would seem as if this was intended as a substitute for the provisions of the act of 1859 relating to the filing of settlements by auditors in the court of quarter sessions and directly authorizing a copy of the settlement to be filed. For the purposes of this case, however, it is unnecessary to pass upon this question.

. The discussion of the assignments of error upon which we have already passed, and what we have already said in regard thereto, disposes of all the questions raised by the several assignments of error in this case, and they are therefore dismissed and the judgment is affirmed.