# Hager *v.* Wharton Township, Appellant.

*Negligence—Townships—Defect in bridge.*

In an action against a township to recover damages for personal injuries, it appeared that a horse which the plaintiff was riding at the time of the accident was thrown by one of its front feet being caught in a hole at the edge of a narrow bridge on a country road, and the plaintiff was seriously injured. The bridge was over a small stream and in building it two logs sixteen feet long and seven inches in diameter were laid eighteen inches apart at the edge of the stream. On these logs cross-pieces were laid to which planks were nailed. The space between the top of the foundation log and the bottom of the planks at the edge of the bridge was fully three inches in height. At the side of the bridge where the accident happened the planks were not wide enough to cover fully one of the foundation logs and extended not quite to its center. The depressions in the road at the sides of the bridge were filled with dirt and loose stones to a level with the top of the planks. There was nothing between the logs and the planks to hold the dirt in place and prevent its falling into the culvert, and at the end where the planks did not cover the logs the dirt was without adequate support, either lateral or vertical. If a horse stepped close to the edge of the bridge at this place, the earth would give way and allow his feet to pass down into the opening between the plank and the log. *Held*, that the case was for the jury.

*Negligence—Evidence—Repairing defect.*

While in some instances the reception of testimony as to alterations or repairs made after an accident has been sustained as in the nature of an admission that defects existed before the accident ; whether such testimony should ever be admitted is at least doubtful, as it makes evidence against a defendant who guards against the recurrence of an accident which before he had no reason to anticipate, or who for the safety of others exercises a precaution when he is not legally bound to do so. Per FELL, J.

In an action against a township to recover damages for personal injuries resulting from a defect in a bridge, evidence that a month after the

accident the supervisor repaired the defect, is inadmissible, the repairs being in point of time too remote from the occurrence.

Argued May 14, 1901,   Appeal, No. 108, Jan. T., 1901, by defendant, from judgment of C. P. Fayette Co., March T., 1900, No. 258, on verdict for plaintiff in case of Joseph W. Hager v. Wharton Township.   Before MITCHELL, FELL, BROWN MESTREZAT and POTTER, JJ.   Affirmed.

Trespass for personal injuries.   Before REPPERT, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,850.   Defendant appealed.

*Error assigned* amongst others was in submitting the case to the jury.

*R. F. Hopwood,* for appellant.—A municipality is not an insurer or guarantor of the safety of the highways, and consequently may not be liable for injuries even though the person injured was in the exercise of due care : Burns v. City of Bradford, 137 Pa. 361; Otto Twp. v. Wolf, 106 Pa. 608 ; Bishop v. Schuylkill Twp., 8 Atl. Rep. 449; Easton Boro. v. Neff, 102 Pa. 474 ; Fitzpatrick v. Boro. of Darby, 184 Pa. 645 ; Rushton v. Allegheny, 192 Pa. 574 ; Butler v. Gettysburg, 126 Pa. 160 ; Trexler v. Greenwich Twp., 168 Pa. 214; Bitting v. Maxatawny Twp., 177 Pa. 213 ; Monongahela City v. Fisher, 111 Pa. 9.

*J. G. Carroll* and *D. M. Hertzog,* for appellee.—The plaintiff cannot be charged with negligence for not seeing a defect which was covered over and hidden from view, while the defendant township is just as liable, if indeed not more liable, for placing a defective construction, such as this culvert and its approaches was, in the road by its own officer, as if the defect had been open and notorious to all passers : Ely v. Pittsburg, etc., Ry. Co., 158 Pa. 236 ; Gates v. Penna. R. R. Co., 154 Pa. 566 ; Easton Borough v. Neff, 102 Pa. 474; Kennedy v. Williamsport, 11 Pa. Superior Ct. 91 ; Lederman v. Penna. R. R. Co., 165 Pa. 118; West Chester, etc., R. R. Co. v. McElwee, 67 Pa. 311.

OPINION BY MR. JUSTICE FELL, July 17, 1901 :

A horse which the plaintiff was riding was thrown by one of its front feet being caught in a hole at the edge of a narrow bridge on a country road, and the plaintiff was seriously injured. The main contention at the trial was whether there was sufficient evidence of negligence on the part of the township to warrant the submission of the case to the jury. The bridge was over a small stream and in building it two logs sixteen feet long and seven inches in diameter were laid eighteen inches apart at the edges of the stream. On these logs crosspieces were laid to which planks were nailed. The space between the top of the foundation log and the bottom of the planks at the edge of the bridge was fully three inches in height. At the side of the bridge where the accident happened the planks were not wide enough to cover fully one of the foundation logs and extended not quite to its center. The depressions in the road at the sides of the bridge were filled with dirt and loose stones to a level with the top of the planks. There was nothing between the logs and the planks to hold the dirt in place and prevent its falling into the culvert, and at the end where the planks did not cover the logs the dirt was without adequate support, either lateral or vertical. If a horse stepped close to the edge of the bridge at this place, the earth would give way and allow his foot to pass down into the opening between the plank and the log. As the defect was apparent and arose from the manner of construction, the township had notice of it through its supervisor who did the work. The question of negligence was clearly one that the court could not have decided in favor of the defendant.

At the trial testimony was admitted on behalf of the plaintiff to show that a month after the accident the supervisor filled a hole at the side of the bridge with stones. In some instances the reception of testimony as to alterations or repairs made after an accident has been sustained as in the nature of an admission that defects existed before the accident. Whether such testimony should ever be admitted is at least doubtful as it makes evidence against a defendant who guards against the recurrence of an accident which before he had no reason to anticipate or who for the safety of others exercises a precaution when he is not legally bound to do so. But the repairs in this

case were too remote in time from the occurrence of the acci-
dent to be evidence on the ground mentioned. The testimony
should have been excluded. We do not, however, think that
it did the defendant harm. The defect testified to was ap-
parent and readily understood. An accident was inevitable if
a horse trod on the dirt which had no adequate support at the
edge of the plank and no admission could have made this
clearer.

The judgment is affirmed.