## Commonwealth v. Allis, Appellant.

*Public officers—Accounts of township and school district auditors—Statutes—Repeal—Acts of February* 17, 1859, *P. L.* 51, *sec.* 2; *April* 2, 1860, *P. L.* 584, *and April* 24, 1874, *P. L.* 112.

Section 2 of the Act of February 17, 1859, P. L. 51, so far as it relates to the settlement and adjustment of the accounts of township treasurers extended to Potter county by the Act of April 2, 1860, P. L. 584, is not repealed by Section 2 of the Act of April 24, 1874, P. L. 112.

*Public officers—Township auditors—Settlement of accounts.*

Where township auditors have met and made a conditional settlement of the accounts of the township treasurer, and pending the performance of the condition by the treasurer do not file the settlement in the office of the clerk of the court of quarter sessions, the auditors, being the same auditors who made the conditional settlement, may make a resettlement and adjustment of the accounts of the township treasurer and file the same in court.

Argued Nov. 2, 1901. Appeal, No. 227, Oct. T., 1901, by defendant, from order of C. P. Potter Co., March T., 1901, No. 68, discharging rule to open judgment in case of Commonwealth to use of Genesee Twp. v. G. H. Allis, A. G. Allis and M. F. McCarn. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule to open judgment.

OLMSTED, P. J., filed the following opinion:

G. H. Allis was treasurer of Genesee township for the fiscal year of 1899. A. C. Allis and M. F. McCarn, above named, were his bondsmen. On March 16, 1900, the auditors of the township met to settle the accounts of G. H. Allis as said treasurer. They went over the accounts and made a conditional settlement. The accounts resulted in a considerable balance against the treasurer. Subsequently that balance, except $250 (the item now in controversy), was paid. There is no conflict of evidence in this case. G. H. Allis testifies substantially to the same. facts as the witness for the township. It appears that one Webster had a judgment of $250 against the township. This judgment had not been paid but was credited in the settlement of Allis as though paid by him. The evidence shows that Allis said it was not paid but that he had the money and would pay it to Webster the next day (Webster was not at home so it could then be paid). R. L. Nelson, one of the auditors, testified that Allis said he had the money and would pay it to Webster the next day, says the settlement was not to be final unless he paid the money the next day, and that the entries on the books were left with the town clerk subject to revision and the agreement was if he paid the money, the entries on the book was to be considered the settlement, but if he did not we were to change it. The other auditors testify substantially to the same thing.

Allis did not pay the $250 to Webster. Mr. Waterman, one of the supervisors of the township, testifies that learning that the judgment was not paid he went to see Allis upon the subject and asked Allis to pay him the money, and that Allis replied that he had used the money in his business and could not pay it, but that he would in the future. Waterman testifies further that he told Allis that they would have to rectify the books if the money was not paid. Allis asked him not to change the books as he would pay it in the future. Allis, himself, corroborates Waterman and says that the judgment of Webster was not paid. This being the situation the auditors met again on April 7, and the statement was changed, striking out the credit of $250.92 (the Webster judgment). This report was published and filed with the clerk of quarter sessions and judgment was entered upon the bond for the balance.

It is agreed by counsel that McCarn, the present treasurer (and successor to Allis), has received from Allis the sum of $603.84, the balance as shown by the statement of March 16, 1900, which is in full of the plaintiff's claim provided the plaintiff is estopped by the action of the auditors of that date from collecting the unpaid amount of $250.92, not paid to Webster but for which Allis has credit in that statement.

The above is intended to be a correct statement of the facts of the case. The defense is purely technical and without equities. [I cannot avoid the conclusion that the auditors under the admitted state of facts in the case still had power to change to correct their work. If this matter had remained open until a succeeding board of auditors had come in, it would have been too late, but this was the same board of auditors and the work followed almost immediately after the first work and was just what was agreed to by all the parties that they should do if the Webster judgment was not paid.] [1] Any other conclusion would be a sacrifice of all the equities of the case. I cannot come to the conclusion that there is any imperious rule of law that should be permitted to work such injustice.

[And now, May 16, 1901, rule discharged.] [2]

*Error assigned* was the order of the court.

*J. Newton Peck*, with him *A. S. Heck*, *W. F. DuBois* and *John F. Stone*, for appellant.—A general act applying to the same subject-matter and covering the same ground as a local statute will repeal the local statute: Com. v. Wunch, 167 Pa. 186; Quinn v. Cumberland Co., 162 Pa. 55; Com. v. Joyce, 3 Pa. Superior Ct. 609.

When auditors, either county or township, have adjusted the accounts of an officer and have filed the report with the depository designated by law, they no longer have any control over their report, it being beyond their jurisdiction: Westmoreland Co. v. Fisher, 172 Pa. 317; Schuylkill Co. v. Boyer, 125 Pa. 226; Northampton Co. v. Yohe, 24 Pa. 305.

*H. W. Nelson*, of *Nelson & Maynard*, for appellee.—The Act of 1874, P. L. 112, does not repeal the local act of 1859:

Barber's Election, 86 Pa. 392; Hickory Tree Road, 43 Pa. 139; Kilgore v. Com., 94 Pa. 495; Evans v. Phillipi, 117 Pa. 226; Bell v. Allegheny County, 149 Pa. 381; Bounty Accounts, 70 Pa. 92.

A long line of Pennsylvania state cases establishes the fact that when auditors' reports legally pass into the court of quarter sessions or common pleas they are final unless appealed from, and that one body of auditors cannot open the report of a former, etc., but none of these decisions conflict with the decision of Judge HUSTON in 2 Rawle, 40, in the case of Brown v. Com., where the learned judge gave his opinion that until there was a final adjustment they could change it.

OPINION BY RICE, P. J., January 21, 1902:

Section 2 of the Act of February 17, 1859, P. L. 51, provided, that "all township and school district auditors in the county of Schuylkill, shall within ten days after making the yearly settlements with the officers of said townships and school districts, file the accounts so audited and settled, together with a list of orders canceled during the year, . . . . in the office of the clerk of the court of quarter sessions, who shall file the same . . . . for the inspection of those interested in said accounts." This, with other sections, was extended to the county of Potter by the Act of April 2, 1860, P. L. 584, which latter act provided, that "all acts and parts of acts . . . . inconsistent herewith be and the same are hereby repealed, so far as the same relate to said county." The Act of April 24, 1874, P. L. 112, as clearly indicated by its title, relates to two matters: first, the publication by the auditors of "an annual statement of the receipts and expenditures of road commissioners, supervisors, overseers of the poor, and school directors of the several townships and boroughs;" second, the designation of "a day to audit, settle and adjust township and borough accounts." The first section relates exclusively to the second matter above referred to, and need not be noticed further than to say, that it expressly mentions the accounts of township treasurers. The second section follows strictly the language of the title in designating the officers, a statement of whose receipts and expenditures are to be published, but does not mention township treasurers. After directing that the hand bills containing the statement

above referred to shall be posted within ten days after such settlement, it further provides, that "it shall be the duty of said auditors to file a copy of the same with the town clerk . . . . and also with the clerk of the court of quarter sessions."

The question is, whether this section of the act of 1874 repealed the second section of the act of 1859 so far as the latter relates to the settlement and adjustment of the accounts of township treasurers. This question was raised in Commonwealth v. Joyce, 3 Pa. Superior Ct. 609, but, as it was determined that there has been substantial compliance with the provisions of both acts, it was left undecided. After further investigation of the question, we are clearly of opinion that the act of 1874 does not apply to the filing of the settled and adjusted accounts of township treasurers. It says nothing upon that subject; it provides nothing as a substitute for the provision of the act of 1859 requiring them to be filed in the office of the clerk of the court of quarter sessions. Upon what principle, then, can it be judicially declared that it repealed that provision? Clearly, not upon the theory that the provisions of the two acts relative to the subject under consideration are inconsistent, nor upon the ground that the later act was a revision of the whole subject of the settlement and adjustment of the accounts of township officers, and was intended to be a complete substitute for all former laws upon that subject. The title indicates no such purpose, and no such intent is manifest in the body of the act. Therefore the principle enunciated in Commonwealth v. Macferron, 152 Pa. 244, and Quinn v. Cumberland Co., 162 Pa. 55, and that class of cases has no application to the case under consideration. As to those branches of the general subject which the act of 1874 touches, it may be a substitute for former laws, but the provision of the act of 1859 relative to the filing of the settled and adjusted accounts of township treasurers was left untouched and is still in force in Potter county.

It is well settled that when county auditors have settled and adjusted the accounts of an officer and have filed their report as required by law, they have no further power over it. "It passes into the custody of a court of record, becomes a judgment, and is no more subject to the supervision and review of the auditors who made it than the judgment entered on an

award of arbitrators is liable to be overhauled by them :" North-ampton Co. v. Yohe, 24 Pa. 305 ; Westmoreland Co. v. Fisher, 172 Pa. 317. It may be conceded, therefore, that the action of the auditors in the present case would have been unauthor-ized if their conditional report of March 16, 1900, had been filed in the office of the clerk of the court of quarter sessions. On the other hand it was held in Brown v. Commonwealth, 2 Rawle, 40, that "reason and justice to themselves and to the county, and the parties unite in permitting them (county auditors) to use their skill and abilities, until the report passes from their hands to the court." This was said in a case where the report was changed after it had been signed and copied in a book known as the auditor's book, and after it had been shown to the county commissioners and they had drawn orders in favor of the officer for the balance. Applying this principle to the un-disputed facts of the case, as found by the learned judge below and fully set forth in his opinion, we concur with him in hold-ing that the settlement and adjustment of the accounts of the township treasurer had not passed out of the jurisdiction of the auditors at the time the corrected report of April 9, 1900 was made.

If the treasurer had been led to suppose that the report of March 16, 1900 was final, and afterwards the auditors had pro-ceeded to reopen the settlement and strike out some of the credits without notice to him, he might have some reason to complain. See Brown v. Commonwealth, supra. But such was not the case. He was not entitled to the credit, and he knew and admitted it. This is not denied. He knew also, that the provisional report would be corrected if he did not pay the money, and practically agreed that this might be done. After he had failed to keep his promise he was notified that the cor-rection would be made. Under these circumstances he has no just reason to complain of want of notice.

The order is affirmed and the appeal dismissed at the costs of the appellants.