# Ferguson's Appeal.

*Townships — Borrowing money — Promissory note — Deferred time of payment—Township audit.*

1. Where a township purchases material which is delivered to it in the same year as the purchase, and in the same year gives, for the material, a promissory note, bearing interest, payable in the following year, although there were no funds in the treasury at the time of the purchase or when the note was given, and the note is paid at maturity, the transaction is not a borrowing of money by the township.

2. In such case, the fact that the transaction did not appear at the time of the audit in the year in which the note was given, does not bar the supervisors from claiming credit for the payment made in the following year.

Argued September 27, 1921. Appeal, No. 101, Oct. T., 1921, by George B. Ferguson, from judgment of C. P. Westmoreland Co., May T., 1920, No. 147, dismissing appeal from annual report of auditors of Franklin Township, Westmoreland County, for years 1919. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from annual report of auditors. Before COPELAND, J.

The opinion of the Supreme Court states the facts. Appeal dismissed. George B. Ferguson appealed.

*Error assigned*, inter alia, was judgment, quoting it.

*Jas. L. Kennedy*, for appellant.

*Charles C. Crowell,* for appellees.

PER CURIAM, January 3, 1922:

George B. Ferguson appealed from the annual report of the auditors of Franklin Township, Westmoreland County, for the year of 1919. The appeal was dismissed by the common pleas, an exception was taken, and exceptant has appealed to this court.

A payment, on June 28, 1919, of $2,055.07, constitutes the item in controversy; and the following excerpts from the opinion of the court below, with a few words which we shall add, sufficiently cover the case: "During the calendar year 1918 the Township of Franklin purchased from the Canton Culvert & Silo Company [a number of] sixteen- and eighteen-foot acme flat bottom culverts, costing in all $1,966.70, for use on the roads of the township, and on the 24th of September, 1918, gave to that company its note for the sum of $1,966.70, bearing interest at six per cent, payable nine months after date; this note in turn was endorsed by the payee and forwarded to the Parnassus National Bank for collection, where it was paid the 28th of June, 1919, and the bank by its check dated the 30th of June, 1919, remitted to the forwarder the proceeds."

It does not appear that, at the date of purchase, or when the note was given, there were funds available in the township treasury for payment of the obligation thus incurred; nor does it appear that the note was other than security for the original debt and to fix a deferred time of payment for the goods purchased, which were delivered to and used by the township during 1918, but paid for in 1919, the payment then made covering the purchase price, with interest, or compensation for delay in payment.

We agree with the court below that the transaction here attacked was no borrowing of money by the township authorities; nor, under the circumstances of this case, does the fact that the transaction did not appear

at the time of the 1918 audit, bar the supervisors from claiming credit for the payment subsequently made.

The appeal is dismissed at cost of appellant.