Swaney, Sr. *v.* Township of Georges, Appellant.

Argued April 15, 1929. 

 Before Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ. 

*A. E. Jones,* of *Jones, Whitehill & Lane,* for appellant.

*J. K. Spurgeon,* for appellee.

Opinion by Baldrige, J., July 2, 1929:

This action was brought against the Township of Georges to recover amount claimed to be due under an oral contract which C. D. Swaney, Sr., alleges he had with the township, under which he was to furnish

horses, wagons, a helper, and deliver stone on the road. There was no material dispute as to the extent and character of the services but the defense was that there was no legal contract binding the township. Under this denial of liability it was contended that there was not sufficient evidence produced to show a contract; that there was no minute authorizing it or approving or ratifying it; that the appellee did not present his bill to the supervisors until eighteen months after the alleged work was finished and that suit was not brought until December 31, 1926.

Georges Township is a township of the second class. D. Ferd Swaney, Jesse J. Swaney, and Ivan Roderick were the township supervisors for the year 1921. The township was divided into four road districts. The work done on the road involved in this case was located in District No. 1. Roderick, one of the supervisors, was the road master in that district; Jesse J. Swaney, one of the supervisors, was the road master in District No. 2; and D. Ferd Swaney, one of the supervisors, was township superintendent. Jesse J. Swaney made arrangements with Roderick to employ the appellee to do work upon a public road that was in need of repair. Following this arrangement, Jesse J. Swaney orally employed the appellee; the latter was to receive eight (8) dollars a day for his team and driver, and three (3) dollars per day for the helper, and thirty (30) cents for each load of stone furnished. The appellee started work on January 27, 1921, under the contract and continued to April 14, 1921. The appellant refused to pay for the services and as a result this suit was brought and a verdict obtained.

The trial judge submitted to the jury the questions (1) whether there was a contract, and (2) whether the contract was for an ordinary repair to the public road; and the jury found those questions in the affirmative.

It was the duty of the supervisors to keep the pub-

lic roads in repair so that the travelling public could have reasonably safe and convenient passage thereover. Since the Act of 1802, 3 Smith Laws, P. L. 516, the supervisors are empowered to make contracts and employ help sufficient to keep open and repair the public roads. The Act of 1917, P. L. 840, Sec. 241, provides that the township supervisors or township superintendents, elected or appointed in pursuance of this act, shall have the powers and shall perform all the duties imposed by existing laws on supervisors of roads and bridges and highways and road commissioners, or other officers having in charge the township roads, and shall be subject to all responsibilities and penalties imposed upon such officers. If the supervisors fail to discharge this responsibility and perform their duties, the court may declare their office vacant under certain conditions and appoint others under the Act of 1917, supra, section 192. As there was a mandatory duty imposed by law upon the supervisors to make the ordinary repairs to public roads, it cannot be successfully contended that the appointment of road masters or township superintendent relieves the supervisors of their legal obligation. The road masters or superintendent are under the direction of the supervisors but do not supplant or relieve them of ultimate responsibility. The law contemplates that by reason of storms, excessive rain or snow fall, periodically it is necessary to make extraordinary repairs which must be quickly done in order to conveniently meet the requirements of the travelling public. The Legislature has always seen fit to give a large amount of authority to supervisors so they may have the right to employ such persons and hire teams and implements as may be necessary to keep the roads open and the bridges sound for the convenience and safety of the travelling public. The employment of road masters and superintendents is simply

to aid in this general plan, but does not relieve the supervisors of their responsibility or deprive them of their authority: Act of 1917, supra, section 236. We are therefore of the opinion that the supervisors have the authority, and it is their primary duty, to employ persons and hire teams, etc., to make ordinary repairs on township roads.

The testimony upon the part of the appellee shows that two of the supervisors consented to his employment and that all three of them had the knowledge of the work as it progressed; that the appellee submitted his bill, which was presented at a regular meeting of the board, and it was approved for payment. It appears that the bill was lost and was not paid in 1921, the year the work was done. The delay in the payment of this obligation did not change the character or the status of the liability and cause it to become an item of indebtedness within the meaning of the constitution instead of a charge against current revenues. As was suggested by the appellee, if this were the law, each township within the Commonwealth might delay the payment of its just debts or current expenses beyond the fiscal year and then refuse payment on the ground that the debts exceeded the constitutional provisions. What the constitution prohibited was the incurring of debt, but there is no restriction of incurring obligations that should have been paid out of the current revenues in order to make the ordinary repairs to township roads.

The creditor did the work and performed his duty in presenting his claim. An honest creditor should not be defeated because his debtor mislaid the bill therefor; his debtor's negligence should not deprive him of the just reward for his services: Ferguson's Appeal, 271 Pa. 518.

This obligation did not come under section 237 of the Act of 1917, supra, as contended by the appellant,

as that section provides for the making of contracts to improve the roads extending over a definite period of time. It has nothing to do with ordinary repairs. There is no provision in the township code that requires that a contract for ordinary repairs, when the employment of laborers is necessary, shall be reduced to writing.

The judgment is affirmed.