Com. of Pa., for use of *v.* Long et al.

Argued April 19, 1933.

Before Trexler,
P. J., Keller, Cunningham, Baldrige, Stadtfeld,
Parker and James, JJ.

*Edward J. Harkins,* of *Scanlan and Harkins,* for appellants.

*P. J. Little,* for appellee.

Opinion by Baldrige, J., July 14, 1933:

S. P. Long was duly elected tax collector of Croyle Township, Cambria County, for the year 1925. He gave a bond, conditioned that "if the said S. P. Long shall well and truly collect and pay over or account for, according to law, the whole amount of taxes charged and assessed in the duplicates which shall be delivered to him during his said term, then this obligation to be void, otherwise to remain in full force and virtue." W. R. Kirby and Minnie Betz, the appellants, are the sureties in this bond. Long died September 28, 1925, and M. A. Long was appointed administrator.

This action was brought to recover $642.89, the balance of uncollected taxes on the 1925 duplicate with interest from January 7, 1926. Included in that

amount, was the sum of $159.04, light taxes, which claim was abandoned at the trial, as it was conceded the bond did not cover that particular tax. The court directed a verdict in favor of the plaintiff, and this appeal followed.

On January 11, 1926, the township supervisors and auditors made a settlement with the administrator. Their report, filed October 13, 1926, showed a balance due Croyle Township on the 1925 duplicate, as of that date, in the sum of $5,783.12. It cannot be disputed that S. P. Long, the collector, was chargeable with the amount of taxes set forth in the duplicate, and that the taxes sued for were not collected. The statement of questions involved in this appeal does not raise any issue as to the correctness of the balance sued for, or the interest claimed. But, aside from that technical omission, an auditors' settlement, unappealed from, is conclusive and binding on both the principal and sureties: Com. v. Joyce, 3 Pa. Superior Ct. 609, 614. Furthermore, the evidence, offered upon the part of the defendants themselves, shows that the amount of uncollected 1925 road taxes was $483.85. As the records and oral testimony on both sides indisputably establish the amount of uncollected road taxes for 1925, there was no issue of fact for a jury's determination, and the court very properly directed a verdict in favor of plaintiff.

The facts in this case clearly distinguish it from Nanty-Glo Boro. v. American Surety Co., 309 Pa. 236, 163 A. 523, as the plaintiff's case could have rested on record evidence alone. If the oral testimony had been entirely omitted, there remained sufficient documentary evidence to entitle the plaintiff to binding instructions: Ebensburg Trust Co. v. Pike, 296 Pa. 462, 466, 146 A. 122.

It is urged, however, by appellants, in the first assignment of error, that they were released under

4

the bond, as S. P. Long was not delinquent in his lifetime; that after his death, the administrator proceeded to collect the taxes, and gave an additional bond to cover any taxes he received. The Act of Assembly, approved March 26, 1867, P. L. 45, §1 (72 PS §5523), authorized the administrator for two years to force the collection of unpaid taxes. But he was required to account for the taxes only that he actually collected, and that is all his bond covered; and that amount was properly credited on the 1925 duplicate. However, the bond executed by the appellants created a greater liability, viz: "to pay over or account for the whole amount of taxes charged and assessed in the duplicates." This claim for uncollected taxes could not have been properly allowed in a distribution of the funds in the hands of the administrator, nor was the amount thereof in any wise dependent on the final adjudication of his account, as contended by appellants. We find no merit in this assignment.

The appellants complain, in the second assignment of error, of the failure of the court to grant a new trial, on the ground that evidence was erroneously admitted of the meeting of the auditors and supervisors, held at the instance of the administrator to adjust some credit claims; that any agreement reached did not affect them. The appellants are not in a position to object to the admission of that testimony as they conceded that the agreement reached did "react to the benefit of the surety." They certainly suffered no harm, as it reduced their liability by allowing certain claims for exonerations and exemptions. Testimony that is not injurious, even if inadmissible, does not justify a reversal of the case because of its admission: Kitchen v. Union Twp., 171 Pa. 145, 157, 33 A. 76; Hager v. Wharton Twp., 200 Pa. 281, 284, 49 A. 757.

The appellants contend that suit was brought on

the last auditors' report filed February 1, 1930, and that plaintiff's testimony was not in conformity with its statement of claim; that an amendment thereto, after the trial, should not have been allowed. A reference to the statement shows that the suit was not on the settlement, but on the bond covering the 1925 duplicate. The original amount of taxes chargeable therein was reduced from time to time until the 1930 report showed the balance now claimed. Not only the first, but also the subsequent auditors' settlements are properly admissible in evidence against both the tax collector and his sureties to show additional credits: Ferguson's App., 271 Pa. 518, 115 A. 709; Com. v. Allis, 19 Pa. Superior Ct. 130; Com. v. Carson, 26 Pa. Superior Ct. 437. The amendment was not necessary, but it did not prejudice the defendants.

We find no merit in the third assignment, which relates to the failure to attach a warrant to the tax duplicate. As the duplicate was accepted and the tax collector proceeded to collect a large portion of the taxes, he was at least a collector de facto until he obtained a warrant. If he were not given a warrant to collect the duplicate, it was his duty to demand it: Com. to Use v. Stambaugh et al., 164 Pa. 437, 30 A. 293. The evidence does not prove that this delay in any way interfered with collecting the taxes.

That brings us to the fourth assignment based on the failure to render judgment for defendants, on the theory that this was a personal contract, and came within the principle stated in Dixon v. Breon, 22 Pa. Superior Ct. 340, 348, that "where a contract is entered into of a continuing character or to be performed at a future time dependent upon the continued existence of a particular person or thing, or the continuing ability of the obligor to perform, subsequent death, destruction or disability will excuse the obligor from compliance with the terms of the contract." With that

rule we have no disagreement, but it is not apposite. The sureties' liability was created when the bond was executed, and, under its provisions, the death of the tax collector did not relieve that liability. Nor do the facts bring the case within the rule that where distinct personal services are involved, or a peculiar skill is required, death terminates the liability. The doctrine applicable here is recognized in Young v. Gongaware, 275 Pa. 285, 286, 119 A. 271, where the Supreme Court said: "Where the contract may be performed by the personal representatives, or where it embodies a property right, the performance of such duty and the succession of such right to the personal representatives is generally held to be the rule of law; death does not terminate such contracts: 6 Ruling Case Law 1009, Section 372; 11 R. C. L. 163, Section 173; 13 Corpus Juris 642, Section 717; Stumpf's App., 116 Pa. 33, 39; Billings' App., 106 Pa. 558, 560; Bishop on Contracts, Sections 435 and 860." This assignment, therefore, cannot prevail.

The fifth assignment of error relates to the allowance of interest. As stated heretofore, that question was not raised by the questions involved in this appeal. Nevertheless, the interest was properly computed, as interest is recoverable from the date of the filing of the auditors' report: Com. v. Carson, supra.

After a careful examination of the record in this case, we find no just reason to disturb the conclusions reached by the learned court below.

Judgment is affirmed.