## Commonwealth, ex rel., v. Nowak

Richard L. Bigelow, for petitioner.
John H. Bonin, for respondent.

### Findings of fact

VALENTINE, J., October 16, 1934.—(1) At the election held November 5, 1929, Frank Hontz was elected tax collector of Freeland Borough for the term of

4 years, beginning the first Monday of January, 1930. He duly qualified and assumed the duties of the office.

(2) At the election held November 7, 1933, Frank Hontz was reëlected tax collector for another term of 4 years, beginning the first Monday of January, 1934.

(3) After his reëlection and before the commencement of his second term he died on November 16, 1933.

(4) At a meeting held on November 23, 1933, the borough council of Freeland Borough appointed the relator, Mary Hontz, widow of Frank Hontz, for the unexpired term of her husband and directed her to collect the balance of the 1933 taxes and account for the same.

(5) At the same meeting a resolution was passed requiring Mary Hontz to furnish "the oath of office and also a bond to the Borough of Freeland, subject to the approval of the borough solicitor and the town council."

(6) It does not appear that the borough officials took any formal action designating the amount of security to be given by relator as collector of borough taxes or that they advised her as to the same.

(7) On November 25, 1933, the relator appeared before Daniel Buckley, Justice of the Peace of said Borough of Freeland, and took the oath of office as tax collector. She subscribed to the oath in duplicate, one copy for the borough and one copy for the school district.

(8) At a meeting of the borough council held on December 4, 1933, relator's son delivered to the secretary of council one of the oaths to which the relator had sworn and subscribed before Mr. Buckley.

(9) The relator consulted representatives of the surety company which had furnished the bond for her husband and was advised by them that the bond furnished her husband afforded full protection to the borough for the taxes upon the 1933 duplicate. Thereafter, this information was communicated to the borough council.

(10) The relator proceeded with and completed the collection of all the taxes for 1933 and duly accounted to the proper municipalities for the same.

(11) At a meeting of the borough council held on February 5, 1934, a resolution was passed reciting that the relator had failed and neglected to qualify as tax collector "by supplying and furnishing to said borough council, a bond as said resolution commanded" and that she "wholly failed and neglected to supply said borough council with an oath of office" and that, therefore, the office of tax collector be declared vacant.

(12) Immediately thereafter, at the same meeting, the respondent, Alfred Nowak, was, by resolution of said borough council, appointed tax collector, until the election and qualification of his successor.

(13) The relator on September 14, 1934, filed in the office of the clerk of the court of quarter sessions an oath of office, and a bond in the sum of $10,000, conditioned for the faithful collection of the borough taxes for said year 1934. Said bond was duly approved by the court of quarter sessions. There is no evidence that the borough council had fixed the amount of security, as required by the Act of May 8, 1929, P. L. 1636.

(14) The relator filed proper bonds and has received the duplicates for the collection of the State, county, poor, and school taxes for the current year, 1934.

## Discussion

The contention of the respondent is that the relator was properly removed in that she did not file an oath of office and bond for the year 1933.

The duties of a tax collector relative to taking an oath of office and filing a bond are designated by the Act of May 18, 1933, P. L. 817, as follows:

"The tax collector shall, before he enters upon the duties of his office, take and subscribe an oath of office and file the same in the court of quarter sessions, and shall annually enter into a bond to the Commonwealth, in not more than the amount of taxes charged and assessed in the duplicates, with at least two sufficient sureties or one trust or bonding company. The bond shall be approved by the court of quarter sessions, and shall be filed in the office of the clerk of said court. The condition of the bond shall be that the tax collector shall well and truly pay over, or account for, the whole amount of taxes charged and assessed in the duplicates which shall be delivered to him, together with penalties and interest legally due. This bond does not cover the collection and payment over of school taxes, for which purpose a separate bond is required by the school laws of the Commonwealth, but nothing contained in this section shall be construed so as to require the collector of taxes to give separate bonds for the collection of borough and county taxes. Security for the payment of borough and county taxes may be given by a joint or by separate bond."

Section 1006, clause IX, of the General Borough Act of May 4, 1927, P. L. 519, as amended by the Act of May 8, 1929, P. L. 1636, makes it the duty of borough council "To fix the amount of security to be given by the . . . collector of borough taxes".

Section 901, of the General Borough Act provides for the filling of vacancies as follows:

"If any vacancy shall occur in the office . . . tax collector, by death, resignation, removal from the borough, or from a ward in the case of a ward office, or by failure or neglect to give bond as provided by law, or in any other manner whatsoever, the borough council shall fill such vacancy by appointing, by resolution, a qualified resident of the borough to such office for the unexpired term of the office."

The borough officials regarded the oath taken by the relator before Squire Buckley as sufficient. They allowed her to complete the collection of the taxes for the year 1933, accepted the funds she had collected and settled with her for the same. They also made no complaint relative to her not having filed a bond for the year 1933. They did not designate the amount of the bond she should file. The action declaring the office vacant was purely an ex parte affair. It is not contended that the relator was advised that the 1934 duplicate would be delivered to her upon the filing of a bond, nor was she notified of the contemplated action of the borough officials in declaring the office vacant, if the required bond was not filed.

Inasmuch as the relator had fully completed the performance of her duties as tax collector for the year 1933 and faithfully accounted to the borough officials for the amount collected, it seems rather unusual that she should be removed from office upon the ground that, before performing the acts, which concededly had been faithfully performed, she had not filed an oath of office and a bond in the office of the clerk of the courts.

The statute is silent as to the period of time within which a collector should file a bond. The surety upon the bond given by the relator's husband was liable for the uncollected taxes upon the 1933 duplicate: Commonwealth v. Long et al., 110 Pa. Superior Ct. 1.

We know of no case in which the office has been declared vacant where just settlement for the year had been made and the collector had neither been notified nor requested to file a bond for the succeeding year. Even though it was the relator's duty to file a bond before assuming the duties of the office, the borough

council took no action because of her failure so to do, but on the contrary recognized her as collector, and allowed her to complete the performance of her duties for that year. We, therefore, conclude that after the duties of her office had been fully performed to the satisfaction of the councilmanic body, the relator could not lawfully be removed by them for not having filed an oath to perform such duties with fidelity, neither could she be removed for having failed to furnish a bond for the faithful accounting for all the taxes upon the 1933 duplicate after she had fully accounted for the same and made satisfactory settlement with the borough officials.

### Conclusion of law

Judgment of ouster should be entered against the respondent.

### Order

The prothonotary is directed to give notice to the parties of the filing of this opinion and that if exceptions are not filed within 30 days after the receipt of such notice, judgment of ouster will be entered against respondent.