## Thomas *v.* Overfield Township, Appellant.

Argued February 6, 1935. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*R. W. Trembath,* with him *Joseph F. Ogden,* for appellant.

*Edward B. Farr* and *James K. Peck,* for appellee.

PER CURIAM, March 25, 1935:

The appellant is a second-class township and appeals from judgment for plaintiff in a suit for hauling crushed stone from a crusher to points where the township desired the stone for the purpose of reconstructing a certain road. (Cf. Swaney v. Georges Twp., 97 Pa. Superior Ct. 144.) The case was tried by the court without a jury under the Act of April 22, 1874, P. L. 109. The learned president judge found that the reconstruction of the road was undertaken by the township supervisors (Act of July 15, 1919, P. L. 969, section 435, P. L. 974), after being authorized by the highway department, partly at the expense of the township, the State and contributions from certain property owners at Lake Winola. The appellant township attempted to defend on the ground that, when plaintiff's debt was contracted, the township had exceeded the 2% debt limit and that the increase was not authorized by vote of the electors. The learned court, however, found that the work was lawfully authorized

and that the cost did not require an electoral vote: Belmont Laboratories v. Heist, 300 Pa. 542, 151 A. 15.

It is immaterial that the work was done in 1927, and that the note, subsequently given by the township for the same debt, was not executed until 1928; the debt was incurred when the work was done; the 90-day judgment note which the township was authorized to give (Maneval v. Jackson Twp., 141 Pa. 426, 21 A. 672; Ferguson's App., 271 Pa. 518, 115 A. 799; Act of June 23, 1931, P. L. 1181) merely postponed the time in which suit could be brought. The validity of the contract is determined as of the time it is made: Scranton Electric Co. v. Old Forge Boro., 309 Pa. 73, 163 A. 154.

We may add that the record shows that, during the trial, the following occurred: "By the court: . . . Now is their any reasonable doubt as to the honesty of this bill? To which counsel for defendant replies, No, there is not. . . ."

Nothing need be added to what was said by the learned court below in his adjudication, which fully covers the questions raised.

Judgment affirmed.